**REVERSED, RENDERED and Opinion Filed December 16, 1998**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

No. 05-98-00142-CV

THE CITY OF COPPELL, TEXAS and ROBERT KUBICEK, Appellants

V.

CALVIN WALTMAN, REBECCA WALTMAN, and
KRISTY HOOVER, AS NEXT FRIEND FOR JOCELYN HOOVER,
Appellees

On Appeal from the 44th Judicial District Court
Dallas County, Texas
Trial Court Cause No. 97-01540-B

# OPINION

Before Justices Kinkeade, Wright, and Bridges
Opinion By Justice Kinkeade

The City of Coppell and Robert Kubicek appeal the trial court's denial of a summary

judgment based on claims of official immunity. In three points of error, Officer Kubicek and

the City contend the trial court erred in holding that they were not entitled to summary

judgment on the basis of qualified immunity and in overruling their objections to summary

judgment evidence. Because we conclude the summary judgment evidence established Officer Kubicek's official immunity as a matter of law and, therefore, the City is also entitled to immunity, we reverse the trial court's denial of summary judgment and render judgment for Officer Kubicek and the City based on official immunity.

## FACTUAL BACKGROUND

The facts surrounding this case are virtually undisputed by the parties. On February 20, 1995, Nathan Colby Waltman was arrested on an outstanding burglary warrant and for possession of drugs. Officer Robert Kubicek, the arresting officer, searched Waltman twice at the scene of the arrest, and once more when he booked Waltman into the City of Coppell's holding facility. In accordance with usual procedures, Officer Kubicek provided Waltman with a blanket when he placed him in the jail cell.

The City of Coppell holding facility uses a video monitoring system to watch prisoners in the cells. A city policy specifically requires the communications personnel in the jail to "constantly" monitor the prisoners by way of a video camera. In addition to the video monitoring, officers in the jail are to routinely check on prisoners. On the night Waltman was brought in, the police dispatcher, Cydney Cravens, was responsible for monitoring the video camera. She testified by affidavit that she sat at her desk within view of the video monitor and observed Waltman while performing her other duties, including answering the phone. She further testified that the cell contains a privacy screen so the prisoner may use the toilet facilities in private. According to Cravens, there was a period of about twenty

minutes when she does not remember seeing Waltman on the monitor. The evidence shows that other officers periodically checked on Waltman throughout the evening. The parties do not disagree that Waltman showed no outward signs of contemplating or planning a suicide.

Approximately five hours after being placed in the cell, Waltman tore a strip from the blanket, stuffed an end of the strip into a hole in the privacy screen, fashioned a noose out of the other end of the strip and hanged himself by lying on the floor with the noose around his neck. The record indicates that Waltman's body was not completely obscured by the privacy screen when he hanged himself. Waltman was taken to the hospital where he was pronounced dead. A bottle of pills, containing an illegal drug commonly known as MDMA, was found hidden inside his underwear at the hospital. Traces of the drug were also found in Waltman's body at the time of the autopsy.

Calvin Waltman, Rebecca Waltman, and Kristy Hoover as next friend of Jocelyn Hoover, (the Waltmans) brought this negligence suit as survivors of Waltman, claiming that the City of Coppell, Officer Kubicek, and Officer Cravens should be liable for their actions that contributed to the death of Waltman. Officer Cravens, however, was never served or made a party to the case. The City and Officer Kubicek filed a motion for summary judgment, asserting official immunity. The trial court denied the motion for summary judgment. The City and Officer Kubicek appealed.

## JURISDICTION

Generally, Texas appellate courts have jurisdiction only over final judgments; the denial of a summary judgment is interlocutory and unappealable unless a statute specifically authorizes an interlocutory appeal. *Novak v. Stevens*, 596 S.W.2d 848, 849 (Tex. 1980); *Cherokee Water Co. v. Ross*, 698 S.W.2d 363, 365 (Tex. 1985) (orig. proceeding). Section 51.014 of the Texas Civil Practice and Remedies Code specifically allows appeal of some interlocutory orders, including an order denying a motion for summary judgment based on an assertion of immunity by an individual who is an officer or employee of the state. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(5) (Vernon Supp. 1998).

In this case, appellants moved for summary judgment based in part on the official immunity of Officer Kubicek and Officer Cravens and upon sovereign immunity protecting the City of Coppell. The City's potential liability depends upon whether Officer Kubicek and Officer Cravens are liable; if Officer Kubicek and Officer Cravens are protected by official immunity, the City is immune from liability. *See DeWitt v. Harris County*, 904 S.W.2d 650, 654 (Tex. 1995) (a governmental unit's respondeat superior liability is predicated upon the liability of its employee; if an employee has no liability because of official immunity, the governmental unit likewise has no liability). Therefore, a city may rely on section 51.014(a)(5) to appeal the denial of summary judgment based on sovereign immunity through its employees' qualified or official immunity. *City of Beverly Hills v. Guevara*, 904 S.W.2d 655, 656 (Tex. 1995). Thus, the assertion of immunity by Officer Kubicek means

-4-

we have jurisdiction over both the City's and Officer Kubicek's interlocutory appeal.

## SUMMARY JUDGMENT STANDARD

The standards for reviewing summary judgments are well established. *See Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985). A defendant who moves for summary judgment must show that the plaintiff has no cause of action by either disproving at least one essential element of each theory of recovery, or conclusively proving all elements of an affirmative defense. *Mitchell v. City of Dallas*, 855 S.W.2d 741, 748 (Tex. App.--Dallas 1993), *aff'd*, 870 S.W.2d 21 (Tex. 1991). If the movant establishes his right to judgment as a matter of law, the burden shifts to the nonmovant to raise fact issues precluding summary judgment. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979).

In this case, the City and Officer Kubicek asserted official immunity and sovereign immunity as affirmative defenses. Therefore, they had the burden to conclusively prove all the essential elements of this defense. *See id.* If the City and Officer Kubicek carried this burden, the Waltmans then had to controvert the defendants' proof. *See id.*

## OFFICIAL IMMUNITY

In their second and third points of error, the City and Officer Kubicek contend the trial court erred in holding that Officer Kubicek and Officer Cravens were not entitled to summary judgment on the basis of official immunity.

Official immunity is an affirmative defense that protects government employees from

personal liability. *Kassen v. Hatley*, 887 S.W.2d 4, 8 (Tex. 1994). Government employees are entitled to official immunity from suit arising from the performance of (1) their discretionary duties (2) in good faith, so long as (3) they are acting within the scope of their authority. *City of Lancaster v. Chambers*, 883 S.W.2d 650, 653 (Tex. 1994); *Kassen*, 887 S.W.2d at 9. Where an employee possesses official immunity, the governmental entity does not have respondeat superior liability under the Texas Tort Claims Act. *DeWitt*, 904 S.W.2d at 654.

The parties do not dispute that Officer Kubicek and Officer Cravens were government employees acting within the scope of their authority. They disagree on whether Officer Kubicek and Officer Cravens were performing discretionary functions in good faith.

### Discretionary v. Ministerial

Actions that require personal deliberation, decision, and judgment are discretionary; actions that require obedience to orders or the performance of a duty regarding which the actor has no choice are ministerial. *See City of Lancaster*, 883 S.W.2d at 654. Official immunity extends to discretionary actions but not to ministerial ones. *Kassen*, 887 S.W.2d at 9.

The City and Officer Kubicek contend the summary judgment evidence establishes Officer Kubicek and Officer Cravens were performing discretionary duties the night Waltman died and, therefore, they are immune from liability for those acts. The Waltmans argue that both Officer Kubicek and Officer Cravens were performing ministerial acts and

-6-

thus are not protected by immunity.

**Officer Kubicek**

The summary judgment evidence shows that Officer Kubicek searched Waltman three times the night he was arrested, twice at the scene and once more at the jail. The evidence also shows that, at the time of his death, Waltman was in possession of and had ingested illegal drugs. The Waltmans argue that Officer Kubicek's failure to find the contraband violated a ministerial duty because the City had a policy requiring that any contraband on an arrestee be seized by the arresting officer. They argue that because the officer has no discretion as to whether to seize the contraband, Officer Kubicek violated his ministerial duty by not seizing the contraband. While we agree that *if* Officer Kubicek had found the contraband, he would have had a ministerial duty to remove it, we conclude the facts of this case do not give rise to this duty. The record establishes that Officer Kubicek was not aware Waltman was hiding any drugs when he arrested him. The only way Officer Kubicek could have found the contraband was through a search of Waltman, which he did more than once. Because the searches did not reveal the drugs, his ministerial duty to remove the drugs never arose. Therefore, we focus on whether the searches that could have led to the discovery of the contraband involved ministerial as opposed to discretionary duties.

We conclude, and the parties do not dispute, that the manner in which an officer performs a search of an arrestee constitutes a discretionary act because it involves personal deliberation, decision, and judgment. *See Dent v. City of Dallas*, 729 S.W.2d 114, 117 (Tex.

App.--Dallas 1986, writ ref'd n.r.e.) (an officer's decision concerning when and how to arrest a suspect is a discretionary act), *cert. denied*, 485 U.S. 977 (1988). Therefore, we conclude Officer Kubicek's actions in searching Waltman were discretionary.

**Officer Cravens**

The City and Officer Kubicek argue that the summary judgment evidence establishes Officer Cravens's act of monitoring the video was a discretionary act. They argue that although the City's policies require a prisoner be "constantly" monitored, the manner in which the monitoring is to be carried out is left to the discretion of the dispatcher. The Waltmans agree that the manner in which the dispatcher does the monitoring is discretionary, but argue that the requirement the prisoner be "constantly" monitored imposes a ministerial duty.

We agree with the City and Officer Kubicek. The term "constantly" is not defined in the City's policy and could be subject to interpretation under these facts. The video monitor was placed on the desk in front of the dispatcher, who was to perform other duties besides monitoring the prisoners, including answering the telephone. Further, the video camera was situated in a manner to provide the prisoner some limited privacy; the toilet in the jail cell was placed behind a wall so the prisoner would be out of the view of the camera while using the toilet facilities. The manner in which the dispatcher monitored the prisoner while performing her other duties was subject to personal deliberation, decision, and judgment. We therefore conclude that in monitoring Waltman's activities on the night he

was arrested, Officer Cravens was performing a discretionary duty.

## Good Faith

The City and Officer Kubicek next argue that the summary judgment evidence establishes Officer Kubicek and Officer Cravens were acting in good faith while performing their discretionary duties. The Waltmans contend their summary judgment evidence controverted the proof of good faith, thereby raising a fact issue as to good faith. We disagree with the Waltmans.

A government employee is protected for discretionary acts only if he performed those acts in good faith. The supreme court has set out the good faith test to be applied in official immunity cases. *See City of Lancaster*, 883 S.W.2d at 656. A government employee is said to have acted in good faith when he can show that a reasonably prudent person in the same or similar circumstances would have taken the same action. *Id*. at 655. The official need not prove it would have been unreasonable to take a different action or that all reasonably prudent officials would have made the same decision. *Id*. at 657. An official can act negligently and still meet the test for good faith. *See id*. at 655; *Murillo v. Vasquez*, 949 S.W.2d 13, 16 (Tex. App.--San Antonio 1997, writ denied). Good faith may be established by the testimony of the defendant officer, if the testimony is clear, positive, direct, otherwise credible, free from contradiction, and readily controvertible. *City of Galveston v. Burns*, 949 S.W.2d 881, 885 (Tex. App.--Houston [14th Dist.] 1997, no writ).

Once the defendant presents proof that a reasonably prudent person in the same or

similar circumstances would have taken the same action, the burden shifts to the plaintiff. *City of Lancaster*, 883 S.W.2d at 657. The plaintiff cannot rebut the defendant's defense by simply showing that a reasonably prudent person would not have taken the same action; the plaintiff must show that no reasonable person in the defendant's position could have thought the facts were such that they justified the defendant's acts. *Id.*; *Smith v. Tarrant County*, 946 S.W.2d 496, 503 (Tex. App.--Fort Worth 1997, writ denied). If the plaintiff meets this burden, the question of good faith must go to a jury to resolve the fact issue. *Smith*, 946 S.W.2d at 503.

In this case, as part of their summary judgment proof, the City and Officer Kubicek submitted the affidavits of Officer Kubicek, Officer Cravens, Police Chief David Miller, and Robert Knowles, the asistant chief deputy in charge of Jail Administration in Dallas County, an expert in police and jail procedures. In his affidavit, Officer Kubicek testified that upon arresting Waltman, he conducted two searches of Waltman for both weapons and contraband. He described a search for weapons while Waltman was lying face-down on the ground and a thorough pat-down search next to the police car. He further stated that as part of the book-in process, he conducted a third search where he placed Waltman's hands against the wall and searched him in a manner similar to the earlier pat-down search. Officer Kubicek further testified that, according to City policy, a strip search is not warranted unless the officer believes the arrestee is secreting contraband on his person. Because he had no reason to believe and did not believe Waltman was hiding contraband,

-10-

he determined a strip search was not necessary.

In her affidavit, Officer Cravens testified that her duties required her to move between the video monitor, a computer, and radio and telephone equipment. The video monitor, however, was constantly on display approximately two feet in front of her face and slightly to the right. According to Officer Cravens, she observed Waltman on the video camera and noticed no unusual activity in Waltman's cell the night he was arrested. She stated she observed him at various times in the evening, sitting on his cot, walking around, and talking to officers through the bars. She noted that the cell had a privacy screen so the prisoners could not be viewed while using the bathroom. She testified that, according to her best recollection, she last observed him walking around about twenty minutes before he was found to have hanged himself.

Police Chief Miller's affidavit provides additional evidence of Officer Kubicek's and Craven's objective good faith. Miller attested that, at his direction, an investigation into Waltman's death was conducted. The investigation concluded that (1) both Officer Kubicek and Officer Cravens acted in the manner described in their affidavits, (2) both appeared to be acting in good faith, and (3) a reasonable police officer standing in the shoes of either Officer Kubicek or Officer Cravens would have acted in the same manner they acted in this circumstance. The City's expert, Robert Knowles, concluded that after reviewing Officer Kubicek's and Cravens's actions the night Waltman died, he believed both Officer Kubicek and Officer Cravens acted appropriately in following the City's policies.

-11-

These affidavits establish that "a reasonably prudent officer" in either Officer Kubicek's or Cravens's position would have acted in the same manner they did. Therefore, the City met its summary judgment burden that Officers Kubicek and Cravens were acting in good faith. The burden then shifted to Waltman to controvert the proof of good faith. *See City of Lancaster*, 883 S.W.2d at 656-57; *Smith*, 946 S.W.2d at 503.

The Waltmans claim their summary judgment proof contradicted the officers' claims of good faith. However, after reviewing the Waltmans' summary judgment evidence, we disagree.

**The Waltmans' Evidence Attempting to Controvert Proof of Officer Kubicek's Good Faith**

The Waltmans' expert, Dr. Ginger, testified that, in his opinion, any reasonable officer would have located the bottle of drugs during a search of Waltman because of the size of the bottle. We conclude this evidence does not contradict the evidence of Officer Kubicek's good faith. The issue here is whether Officer Kubicek could have believed that his actions in searching Waltman were justified. *See City of Lancaster*, 883 S.W.2d at 657. Once this was established, the only way to controvert it would be to show that no reasonable officer could have believed Officer Kubicek's actions were justified, *i.e.*, that no reasonable person would have done what he did. *See id.* Dr. Ginger's statement does not attack what Officer Kubicek did; he does not opine that no reasonable officer would have performed the search in the way Officer Kubicek did. He merely concludes that a reasonable officer would have discovered the bottle. Conclusory statements by an expert are insufficient to support

-12-

or defeat summary judgment. *Wadewitz v. Montgomery*, 951 S.W.2d 464, 467 (Tex. 1997).

Additionally, the good faith standard is not equivalent to a general negligence standard that addresses what a reasonable person would have done; rather, it focuses on what a reasonable officer could have believed. *Id.* at 469 n.1. Here, Dr. Ginger's statement, at best, infers negligence by stating that a reasonable officer would have found a bottle the size of the one Waltman was hiding. He offers no testimony or opinion on what a reasonable officer could have believed was the proper way to search an arrestee under the circumstances surrounding Officer Kubicek's search of Waltman. *See generally Smith*, 946 S.W.2d at 503 (officer's good faith questioned after he failed to search entire house of woman who reported intruder; in controverting his evidence of good faith, plaintiff presented expert testimony that no reasonable person in the officer's position could have thought the facts justified his failure to search the victim's bedroom). In this case, Dr. Ginger's statement falls short of the proof necessary to controvert the evidence of good faith, and we find no evidence that under the circumstances, no reasonable officer would have searched Waltman in the manner Officer Kubicek did.

**The Waltmans' Evidence Attempting to Controvert Proof of Officer Cravens's Good Faith**

The Waltmans' expert, Dr. Ginger, also testified that, in his opinion, Waltman was not monitored "constantly" as required by the City's policy. However, neither Dr. Ginger nor anyone else testified that, in light of the actions taken by Officer Cravens as described in her affidavit, no reasonable officer in her position could have believed she was

"constantly" monitoring Waltman's jail cell. Thus, the Waltmans also failed to controvert the City's proof of Cravens's good faith.

We find that the Waltmans' summary judgment evidence fails to establish that no reasonable officer would have acted in the manner Officer Kubicek and Officer Cravens did. Therefore, the summary judgment evidence was not sufficient to controvert the City's affidavits on good faith. The Waltmans failed to raise a material fact issue on the question of good faith. *See City of Lancaster*, 883 S.W.2d at 657.

## CONCLUSION

We conclude Officer Kubicek and Officer Cravens performed discretionary acts in good faith while acting within the scope of their employment. We sustain points of error two and three and reverse and render summary judgment for the City and Officer Kubicek that the Waltmans take nothing by their suit. Because of our disposition of the second and third points of error, we need not address appellants' first point of error.

_____
ED KINKEADE
JUSTICE

Publish
Tex. R. App. P. 47
980142F.P05

-14-