Craig **COLBERT**, Appellant,

v.

Robbie **HOLLIS**, Appellee.

No. 05–02–01675–CV.

Court of Appeals of Texas,
Dallas.

April 14, 2003.

Russ Wayne Harris, Office of the Attorney General, Austin, for appellant.

Alex Vasquez, Mark Douglas Cronenwett, Cowles & Thompson, P.C., Dallas, for appellee.

Before Justices WRIGHT, FITZGERALD, and LANG.

## OPINION

Opinion by Justice WRIGHT.

Craig Colbert brings this interlocutory appeal from the denial of his motion for summary judgment based on official immunity. After Robbie Hollis's employment with the Texas Department of Protective and Regulatory Services (TDPRS) was terminated, she sued TDPRS and Colbert alleging wrongful termination, intentional infliction of emotional distress, and defamation. In his first issue, Colbert contends he is entitled to official immunity from Hollis's claims for intentional infliction of emotional distress and defamation. In his second and third issues, he contends Hollis did not establish a prima facie case

of intentional infliction of emotional distress or defamation. We dismiss Colbert's second and third issues for lack of jurisdiction, overrule his first issue, and affirm the trial court's order denying Colbert's motion for summary judgment.

■■■ The denial of a summary judgment is interlocutory and unappealable unless a statute specifically authorizes an interlocutory appeal. *Novak v. Stevens,* 596 S.W.2d 848, 849 (Tex.1980); *Bowles v. Yeganeh,* 84 S.W.3d 252, 253–54 (Tex.App.-Dallas 2002, no pet.). Section 51.014 of the Texas Civil Practice and Remedies Code specifically provides for the appeal of certain interlocutory orders, including one denying a "motion for summary judgment that is based on an assertion of immunity by an individual who is an officer or employee of the state or political subdivision of the state." TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(5) (Vernon Supp.2003). Thus, we have jurisdiction to consider Colbert's first issue. We do not, however, have jurisdiction to determine whether or not Colbert is entitled to summary judgment on the merits of Hollis's claims. *See Richardson v. Parker,* 903 S.W.2d 801, 803 (Tex.App.-Dallas 1995, no writ); *City of San Antonio v. Hernandez,* 53 S.W.3d 404, 407 (Tex.App.-San Antonio 2001, pet. denied). Thus, we do not have jurisdiction to address Colbert's claims that Hollis failed to establish a prima facie case of intentional infliction of emotional distress or defamation. We dismiss Colbert's second and third issues.

■■■ In his first issue, Colbert contends the trial court erred by denying his motion for summary judgement on the ground that he is entitled to official immunity from Hollis's claims for intentional infliction of emotional distress and defamation. Official immunity is an affirmative defense. *See Univ. of Houston v. Clark,* 38 S.W.3d 578, 580 (Tex.2000). Therefore,

to prevail on summary judgment, Colbert was required to conclusively establish each element of the defense. *Id.* No disputed question of material fact can remain on the affirmative defense. *Black v. Victoria Lloyds Ins. Co.,* 797 S.W.2d 20, 27 (Tex. 1990). To determine whether a disputed issue of material fact exists, we take as true all evidence favorable to the nonmovant, indulge every reasonable inference in favor of the nonmovant, and resolve any doubts in the nonmovant's favor. *Nixon v. Mr. Prop. Mgmt. Co., Inc.,* 690 S.W.2d 546, 548–49 (Tex.1985).

■■■ A governmental employee is entitled to official immunity: (1) for the performance of discretionary duties; (2) within the scope of his authority; (3) for acts performed in good faith. *Clark,* 38 S.W.3d at 580. Here, there is no dispute that Colbert's actions occurred during the performance of discretionary duties. Thus, the question in this interlocutory appeal is limited to whether Colbert established, as a matter of law, that he acted in good faith and within the scope of his authority.

■■■ We begin by determining whether Colbert conclusively established that he acted in good faith. A person acts in good faith if a reasonably prudent person in the same or similar circumstances would have taken the same action. *See City of Coppell v. Waltman,* 997 S.W.2d 633, 638 (Tex.App.-Dallas 1998, pet. denied). In making this determination, we look to "whether a reasonable official could have believed his or her conduct to be lawful in light of clearly established law and the information possessed by the official at the time of the conduct." *City of Lancaster v. Chambers,* 883 S.W.2d 650, 656 (Tex.1994). Thus, official immunity will protect all but the plainly incompetent or those who knowingly violate the law. *Id.* The test is one of objective legal rea-

sonableness, without regard to whether the government official acted with subjective good faith. *Id.*

■ In his motion for summary judgment, Colbert alleges he acted in good faith because he recommended that Hollis be terminated after an internal investigation showed that Hollis failed to properly investigate cases assigned to her and had falsified entries in her case files. In support of his motion, Colbert relies on his affidavit and the affidavit of Patricia Hackler, the Regional Director for TDPRS. These affidavits show that Colbert and Hackler based their decision to terminate Hollis on John Ralston's report of his investigation.[1] According to Colbert, he decided to have Hollis investigated after he noticed discrepancies in her case documentation and the sign out log. Colbert also stated he had received complaints indicating Hollis had not interviewed clients, but had documented that she had interviewed or talked with them. After Colbert requested an investigation by the Office of Internal Investigations, Ralston was assigned to conduct the investigation. In his report, Ralston identified numerous cases in which Hollis falsified records. In some of the cases, Hollis documented home visits, but the clients told Ralston they had never seen or met with Hollis. Several of the cases involved falsified narratives of telephone calls. This evidence establishes that Colbert acted in good faith in the furtherance of his duties and that Hollis's

termination was the result of Colbert's and Hackler's belief that the misconduct outlined in Ralston's report occurred. *See Gidvani v. Aldrich,* 99 S.W.3d 760, 765 (Tex.App.-Houston [1st Dist.] 2003, n.p.h.) (official's summary judgment evidence sufficient to show good faith where offense report described relevant facts which justified official's conduct); *Roberts v. Foose,* 7 S.W.3d 311, 314 (Tex.App.-Houston [1st Dist.] 1999, no pet.) (same). Thus, the burden shifted to Hollis to show that no reasonable person in Colbert's position could have thought the facts were such that they justified his action. *See Chambers,* 883 S.W.2d at 657.

■ To meet this burden, Hollis introduced evidence to show that (1) Colbert acted in a racially discriminatory manner—a clear violation of the law; (2) Colbert fabricated a reason to terminate Hollis; and (3) his failure to consider the entirety of her work constitutes bad faith. In sum, Hollis maintains that her summary judgment evidence creates a fact issue regarding whether Colbert manufactured the allegations against her because she was an African–American woman. To support this allegation, she relies, in part, on evidence showing that Colbert initiated the investigation of Hollis shortly after Beverly Collins, a former TDPRS employee, warned Hollis that things were not "going to be easy" for Hollis because Hollis had defended Collins to Colbert.[2] Hol-

---

1. In the trial court, Hollis objected to Ralston's report as hearsay, but did not obtain a ruling on the objection. Thus, it remains part of the summary judgment evidence. *See Allen v. Albin,* 97 S.W.3d 655, 661–63 (Tex. App.-Waco 2002, no pet.). In a letter brief filed after the case was submitted, Hollis argues Ralston's report is incompetent summary judgment evidence because it is "unsworn testimony." We disagree. Ralston's report is attached to Hackler's affidavit. In her affidavit, she states that "a true and cor-

rect copy of the summary report I received from Mr. Ralston is attached hereto as exhibit A–1." Copies of documents which are attached to a properly prepared affidavit are sworn copies and are proper summary judgment evidence. *See Republic Nat'l Leasing Corp. v. Schindler,* 717 S.W.2d 606, 607 (Tex. 1986).

2. In its order, the trial court checked both "sustained" and "denied" by Colbert's objection "to the reference by the Plaintiff in '(Col-

lis's summary judgment evidence also shows that Colbert could access Hollis's computer files and could enter or amend information contained in her case files. Employees in the office had complained that Colbert had changed information contained in their case files. Collins testified that after she noticed changes being made in her case files, she began keeping hard copies of her entries. After Collins made it known in the office that she was doing so, she no longer noticed changes being made to her files. Computer audit trail reports show that Colbert accessed the case file on two of the cases Hollis is accused of falsifying. The computer audit reports contained in the record do not show that Hollis ever accessed at least one of the files she is accused of falsifying.[3]

This evidence, when taken as true, with all reasonable inferences taken in Hollis's favor, creates a fact issue regarding whether Colbert acted in good faith. In making this determination, we express no opinion on whether the evidence supporting Hollis's response preponderates against the proof supporting Colbert's motion for summary judgment. We simply conclude that because one of the main reasons proffered for terminating Hollis was that she had falsified entries in certain case files and there is evidence, which if taken as true with all reasonable inferences in Hollis's favor, suggests that Colbert, not Hollis, made alterations in at least one of the questioned files, there is a

fact issue regarding whether Colbert acted in good faith. Because Hollis's evidence is sufficient to create a fact issue regarding whether Colbert acted in good faith, we conclude the trial court properly denied Colbert's motion for summary judgment on the basis of official immunity. We overrule Colbert's first issue.

Accordingly, we affirm the trial court's order denying Colbert's motion for summary judgment on the basis of official immunity.

---

lins deposition at 44–62)' as hearsay and speculative." Because we cannot determine if the objection was sustained and because the objection to almost twenty pages of deposition testimony as hearsay and speculative is overly broad, we consider this evidence.

3. Exhibit 38 to Hollis's response is identified in the response as a "SNOOP report." Ralston explained that "SNOOP" reports are computer audit reports. Exhibit 38 contains only four entries, all dated after the narrative

in question in case number 24242037, the case Ralston considered the "case with the greatest degree of wrongdoing and potential harm to the client." The audit report shows the file was accessed once by Colbert, twice by Ralston, and once by another of Hollis's coworkers, Sabrina Small. Because Colbert did not object to the exhibit and has not challenged it on appeal as incomplete or inaccurate, we assume this is the complete and accurate computer audit report.